**YAN LIU, Petitioner**

v.

**ATTORNEY GENERAL OF The UNITED STATES.**

No. 08–3047.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 27, 2009.

Opinion filed: Dec. 3, 2009.

Tina Y. Howe, Esq., New York, NY, for Petitioner.

Aliza B. Alyeshmerni, Esq., Richard M. Evans, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: Chief Judge SCIRICA, SMITH and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Yan Liu is a native and citizen of China who entered the United States in March 2005. Liu was served with a Notice to Appear charging her with being subject to removal pursuant to Immigration and Nationality Act § 212(a)(7)(A)(I).

In January 2006, Liu applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In support of her application, Liu alleged that she left China because two men attempted to rape her and took pictures of her without her top on. Liu's father was apparently able to intervene in the attack, but was then assaulted himself for a period of fifteen minutes. Liu further alleged that when she reported the attack to the police, they did not investigate her case. She contends that she heard that one of the assailants had a relative in the police department. She contends that after the attack, her attackers sent her a threatening letter. They also approached her on a bus and threatened her again. Liu testified that they posted naked pictures of her at her school. Approximately ten months after the assault, Liu departed China for the United States. The Immigration Judge ("IJ") denied Liu's applications for relief, concluding that she did not qualify for asylum because she was the victim of

an attack by criminals and had not been targeted on account of a protected ground. The IJ reasoned that it was "expanding the asylum law a little too far" to include every woman who had been the victim of an attempted rape or humiliating photographs by "criminals." (A.R. at 52.) The IJ stated that he did not find Liu's attempt to qualify for asylum on the ground that one of her attackers had "some connection" to the police "persuasive." (*Id.*) Specifically, the IJ found that her testimony was inconsistent concerning when she knew that the assailant "Ah Hu" was connected to the police. Liu appealed to the Board of Immigration Appeals ("BIA"). The BIA affirmed, agreeing with the IJ that, even if Liu were deemed credible, she failed to sustain her burden of proof applicable to asylum and the more stringent burden applicable to withholding of removal. The BIA concluded that the alleged incidents did not rise to the level of persecution on account of a protected ground and that the record did not support her claim that she has a well-founded fear of persecution. The BIA also rejected Liu's claim for relief under the CAT.

Liu filed a timely petition for review in the Second Circuit. The petition was transferred to this Circuit. We have jurisdiction over her petition pursuant to 8 U.S.C. § 1252(a). We uphold the BIA's determinations if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. *Yusupov v. Att'y Gen.*, 518 F.3d 185, 197 (3d Cir.2008). Under the substantial evidence standard, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir.2001) (*citing INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

To be granted asylum, Liu must show that she is "unable or unwilling to return to [China] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(A). To be eligible for withholding of removal, Liu must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in China based on one of these protected grounds. *Senathirajah v. INS*, 157 F.3d 210, 215 (3d Cir. 1998); *see also* 8 U.S.C. § 1231(b)(3)(C). For relief under the CAT, Liu must demonstrate that it is more likely than not that she would be tortured if removed to China. *See* 8 C.F.R. § 208.16(c)(2).

■ Liu argues that the BIA erred when it reasoned that the "alleged incidents do not rise to the level of persecution on account of a protected ground." (A.R. at 2.) Liu, however, has offered no arguments that would undermine this conclusion. She argues only that the facts of the case are "unclear" as to whether she was attacked based on a protected ground. (Appellant's Br. 14–15.) She makes similar arguments with regard to her well-founded fear of future persecution and whether she belongs to a particular social group. (*Id.* at 16, 17.) If the facts are unclear, however, the IJ and BIA properly denied her petition as it is her burden to establish eligibility for relief. *See Lukwago v. Ashcroft*, 329 F.3d 157, 170 (3d Cir. 2003) (applicant has burden of showing that the persecution was on account of the applicant's race, religion, nationality, membership in a particular social group, or political opinion).

■ Moreover, aside from pointing to general country conditions in China, Liu did not produce evidence that it is more likely than not that she would be tortured by or at the acquiescence of Chinese officials if she returned to China. Therefore,

she is not eligible for protection under the CAT. *Pierre v. Att'y Gen.*, 528 F.3d 180, 186 (3d Cir.2008) (en banc).

For the foregoing reasons, we will deny her petition for review.